UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:09-CV-38-F

RYAN WIRTH, JOSEPH BURNS,      )
CHRISTOPHER WIORA,             )
PATRICK SENZIG,                )
       Plaintiffs,       )
                              )
v.                             )     O R D E R
                              )
MEREDITH EXPRESS, INC., ROGER  )
DALE CHRISP, ROBERT CHRISP, JR.,  )
STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, SOCIETY     )
INSURANCE, AMERICAN FAMILY     )
HOME INSURANCE, and AUTO CLUB  )
PROPERTY-CASUALTY INSURANCE    )
COMPANY,                       )
       Defendants.       )

This matter is before the court on the Motion to Dismiss, or in the Alternative, Motion to

Transfer Venue [DE-33] filed by Defendant Society Insurance. The time for filing a response has

passed, and this motion is now ripe for ruling.

Defendant Society Insurance ("Society") contends that this action must be dismissed for

lack of subject matter jurisdiction. Specifically, Society argues that Plaintiffs have failed to

establish complete diversity, and therefore this court lacks subject matter jurisdiction under 28

U.S.C. § 1332.

Jurisdiction in federal court may be based upon either a federal question or a diversity of

citizenship. *See* 28 U.S.C. § 1331("The district courts shall have original jurisdiction of all civil

actions arising under the Constitutions, laws, or treaties of the United States."); 28 U.S.C. §

1332(a) ("The district courts shall have original jurisdiction of all actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of costs or interest, and is between

citizens of different States . . . ."). To establish "diversity" jurisdiction in a case involving multiple plaintiffs and multiple defendants, "complete diversity" is required. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978). In other words, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the court of original jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of any state where it is incorporated *and* where it has principal place of business. 28 U.S.C. § 1332(c)(1). An individual is a citizen of the state where he or she is domiciled. *Gilbert v. David*, 235 U.S. 561, 569 (1914).

In this case, Plaintiffs allege that "at all times relevant hereto," they have been citizens and residents of the State of Wisconsin. Amended Compl. [DE-10] ¶¶ 1-4. This leads the court to conclude all Plaintiffs were domiciled in Wisconsin at the time this action was commenced, and therefore were citizens of Wisconsin for purposes of diversity. Plaintiffs have not responded to this motion offering any reason for this court to reach a different conclusion. Society, for its part, submits the declaration of Bill Bunzel, who is employed as a Property/Casualty Claims Manager for Society, and avers that Society is incorporated under the laws of the State of Wisconsin and has its principal place of business in Wisconsin. Decl. of Bunzel [DE-33-2] at ¶ 3. Society is therefore a citizen of Wisconsin.

Consequently, complete diversity is lacking in this case and this court cannot exercise diversity jurisdiction over this dispute. Plaintiffs allege no other basis for subject matter jurisdiction; accordingly, Society's Motion to Dismiss [DE-33] is ALLOWED and this action is

DISMISSED. Any other pending motions are necessarily DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 9th day of October, 2009.

James C. Fox
Senior United States District Judge